UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JERRY I. ANOLIK, | No. 2:11-cv-00406-MCE-JFM |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| BANK OF AMERICA HOME LOANS; et al., | |
| Defendants. | |

Through the present action, Plaintiff Jerry I. Anolik ("Plaintiff") challenges the validity of non-judicial foreclosure proceedings instituted following default on the Deed of Trust executed with respect to certain residential property located at 9132 Fair Oaks Boulevard in Fair Oaks, California.  Defendants Bank of America Home Loans and Recontrust Company, N.A. ("Defendants") have moved to dismiss Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] on numerous grounds.

---

[1] As used in this Memorandum and Order, the term "Rule" or "Rules" refers to the Federal Rules of Civil Procedure unless otherwise indicated.

1

Defendants' arguments include the assertion that because Plaintiff was not the borrower on the loan subject to the Deed of Trust, because Plaintiff never assumed the loan, and because foreclosure proceedings were instituted before Plaintiff recorded any alleged ownership interest in the property whatsoever, Plaintiff has no standing to take issue with the pending foreclosure.  Defendants further argue that Plaintiff has not tendered the amounts owed under the loan in any event, and cannot proceed with the instant lawsuit for that reason as well.  As set forth below, because the Court believes both those arguments to be dispositive, Defendants' motion will be granted.

**BACKGROUND**

The residential property at issue in this litigation initially belonged to Patrick Carboni.  A Deed of Trust[2] was recorded on August 13, 2007 which reflected Mr. Carboni as the borrower under the Deed of Trust.  The underlying loan was provided by Countrywide Home Loans, Inc.

---

[2] Defendants have requested that the Court judicially notice, pursuant to Federal Rule of Evidence 201, not only said Deed of Trust, but also the Notice of Default recorded in this matter on August 14, 2009 and the Grant Deed recorded in Plaintiff's favor on December 1, 2009.  Because all of these documents were duly recorded by Sacramento County, Defendants maintain that they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, and can be judicially noticed on that basis.  Plaintiff has not opposed Defendants' request in that regard.  The Court also notes that because the documents in question are referred to in Plaintiff's complaint but not physically attached, they may properly be considered in conjunction with a Rule 12(b)(6) motion to dismiss on that ground as well.  Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). Defendants' Request for Judicial Notice is accordingly granted.

2

1    While Plaintiff contends he began to make payments on the
2 loan beginning in November of 2008, when he claims to have
3 "purchased" the property for the amount of $215,000 (which
4 represented the principal amount of the Countrywide loan)
5 Plaintiff's complaint does not allege that he ever formally
6 assumed the obligations represented by the Countrywide loan.
7 Indeed, Plaintiff's counsel conceded at the time of the April 7,
8 2011 hearing in this matter that Plaintiff never made any such
9 assumption.

10    That omission is significant.  The Deed of Trust makes it
11 clear that the status of any purported successor in interest like
12 Plaintiff had to be both in writing and be approved by the
13 lender.  Deed of Trust, ¶ 13, attached as Ex. A to Defs.' Request
14 for Judicial Notice.  It is undisputed their neither prerequisite
15 occurred in this case.  Moreover, while Plaintiff attempts to
16 seize on the fact that Countrywide's loan portfolio, including
17 the loan at issue herein, was later assumed by Bank of America,
18 and while Plaintiff apparently contends that neither he nor
19 Carboni ever assented to that transfer, any shortcoming in that
20 regard cannot excuse Plaintiff's own failure to effectuate a
21 proper assumption of the loan.  Indeed, the Deed of Trust
22 specifically permits the loan to be sold to another lending
23 institution without prior notice to the Borrower.  Id. at ¶ 20.
24 ///
25 ///
26 ///
27 ///
28 ///

On August 14, 2009, Defendant Recontrust, as Trustee for Defendant Bank of America Home Loans, recorded a Notice of Default and Election to Sell Under Deed of Trust.  That Notice of Default indicates a deficiency owed of $13,026.65 as of August 12, 2009.  Notice of Default, p. 1, Ex. B to Defs' Request for Judicial Notice.

Although Plaintiff claims to have "purchased" the property in November of 2008, and while he claims to have made certain payments after that time, Plaintiff did not record any Grant Deed memorializing that transaction until December 1, 2009, more than a year later and well after the Notice of Default had been filed more than four months beforehand.  Through the present lawsuit, Plaintiff takes issue with Defendants' foreclosure proceedings despite the fact that they were instituted before anyone was put on notice of his purported ownership interest in the property.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

4

Though "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 2869 (1986)). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Further, "Rule 8(a)(2) ... requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing ... grounds on which the claim rests." Twombly, 550 U.S. at 555 n.3 (internal citations omitted). A pleading must then contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs ... have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

Once the court grants a motion to dismiss, it must then decide whether to grant a plaintiff leave to amend. Rule 15(a) authorizes the court to freely grant leave to amend when there is no "undue delay, bad faith, or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182 (1962).

///

1  In fact, leave to amend is generally only denied when it is clear
2  that the deficiencies of the complaint cannot possibly be cured
3  by an amended version.  See DeSoto v. Yellow Freight Sys., Inc.,
4  957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police
5  Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should
6  not be dismissed under Rule 12(b)(6) unless it appears beyond
7  doubt that the plaintiff can prove no set of facts in support of
8  his claim which would entitle him to relief.") (internal
9  citations omitted).

## ANALYSIS

As the Background section of this Memorandum and Order makes clear, Plaintiff was not the borrower on the subject loan and had not assumed the obligations under the loan in writing and with the lender's consent, as required by the Deed of Trust.  In addition, foreclosure proceedings were well underway (having been commenced by the August 14, 2009 Notice of Default) before any interest in the property was recorded by Plaintiff in the form of the December 1, 2009 Grant Deed.  Any payments Plaintiff chose to make on behalf of the borrower, Patrick Carboni, in the meantime can only be deemed voluntary on his behalf absent some formal assumption of the loan.  Without more, those payments confer no legal rights inuring to Plaintiff's benefit.

///
///
///
///

6

1     Were the Court to permit Plaintiff's now-asserted interest
2 in the property to subvert the foreclosure proceedings, its
3 ruling would amount to permitting any third party to halt
4 foreclosure proceedings simply by claiming that it made some
5 payment on the loan and did not thereafter receive the requisite
6 procedure/notice attendant to foreclosure.  Such a finding by the
7 Court would amount to an utterly unwarranted intrusion by the
8 Court into the orderly mechanics of non-judicial foreclosure.
9 This the Court categorically declines to do.  Absent assumption,
10 from the lender's standpoint any payments made by Plaintiff were
11 nothing other than voluntary.  If, for example, a friend or
12 relative decides to assist a distressed homeowner by making
13 certain payments in order to help the homeowner stay in his or
14 her home, does that give the friend or relative the right to
15 assert his or her own interests in the context of a resulting
16 foreclosure proceeding?  The answer has to be no.
17     The circumstances of the present case are drawn into even
18 higher relief by the fact that the property was already in
19 foreclosure by the time that Plaintiff recorded his Grant Deed to
20 the property.  Plaintiff therefore did nothing to perfect his
21 alleged interest in the property until after the machinery of
22 foreclosure had already begun.  As such, Plaintiff has no
23 standing to complain about the basis for that foreclosure.
24 ///
25 ///
26 ///
27 ///
28 ///

7

Under Article III of the United States Constitution, a federal court can only adjudicate an actual live "case or controversy," which requires a plaintiff to demonstrate standing. Summers v. Earth Island Inst., 129 S. Ct. 1142, 1149-50 (2009) In order to establish standing, the plaintiff must demonstrate (1) an injury in fact, which is defined as a concrete and particularized invasion of a legally protected interest; (2) causation which is fairly traceable between the alleged injury in fact and alleged conduct of the defendant; and (3) redressability. Sprint Communications Co., L.P. v. APCC Serv.'s, Inc., 554 U.S. 269, 273-74 (2008). A standing inquiry accordingly focuses on whether the plaintiff is the proper party to bring the lawsuit. Raines v. Byrd, 521 U.S. 811, 818 (1997).

The circumstances of this case, as delineated above, mandate a conclusion that Plaintiff lacks the requisite standing to bring the present lawsuit, whose allegations hinge entirely on the propriety of a foreclosure to which Plaintiff was not a party, and which involved both a default that had already occurred, and foreclosure proceedings that had already commenced, by the time Plaintiff memorialized any ownership interest in the property whatsoever. The Court therefore concludes that Plaintiff lacks standing and dismisses the lawsuit on that basis.

Plaintiff would fare no better even if he was successful in arguing he had the right, as the borrower under Defendants' Deed of Trust, to contest the foreclosure. In order to invoke the equitable power of this Court to halt or set aside foreclosure proceedings, a borrower must establish his or her own equity in performing on the subject loan.

Arnolds Mgmt. Corp. v. Eishen, 158 Cal. App. 3d 575, 577 (1984). Courts have uniformly found that without having "done equity" by tendering the obligation due under the note in full, Plaintiff lacks standing to challenge the foreclosure sale, set it aside, or bring any claim that arises from the foreclosure. Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996) (in affirming the sustaining of a demurrer without leave to amend, the court explained that the so- called "tender rule" applies to "any cause of action for irregularity in the sale procedure").

    The tender rule is strictly applied under California law. See, e.g., Nguyen v. Calhoun, 105 Cal. App. 4th 428, 439 (2003). Absent an alleged and actual tender, Plaintiff's complaint in its entirety fails to state a cause of action. Abdallah, 43 Cal. App. 4th at 1109; Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 121 (1971). Significantly, too, in construing California law, federal district court have made the same finding. See, e.g., Anaya v. Advisors Lending Group, 2009 WL 2424037 at *10 (E.D. Cal. 2009) ("Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial foreclosure", and citing Abdallah, supra, in requiring such tender to maintain any foreclosure-related claim); Montoya v. Countrywide Bank, F.S.B., 2009 WL 1813973 (N.D. Cal. 2009) ("Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the debt").

///
///

Here, Plaintiff has not alleged, either in his papers or at the time of the hearing, that he has tendered or is able to tender the amount of the secured debt in response to Defendants' reliance on the tender rule. Therefore Plaintiff is foreclosed on that basis from proceeding with this lawsuit as well.

**CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss (ECF No. 6) is GRANTED. Because the Court does not believe the deficiencies of Plaintiff's complaint (and in particular the standing deficit) can be cured by amendment, no leave to amend will be permitted. In addition, because the Court has found that Plaintiff's lawsuit in its entirety, Plaintiff's corresponding request for preliminary injunctive relief is also denied. A fundamental prerequisite for issuance of injunctive relief rests with a finding that the requesting party is likely to succeed on the merits, a finding that obviously is absent here given the Court's dismissal of this matter. See, e.g., Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter v. Natural Resources Defense Council, 129 S. Ct. 365, 374 (2008).

The Clerk of Court is directed to close this file.

IT IS SO ORDERED.

Dated: April 21, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE